IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ex rel. ) <br> FRED MAXEY CLONINGER ) <br>   ) <br> Plaintiffs, ) <br>   ) <br> v. ) <br>   ) <br> DYNCORP INTERNATIONAL INC.; ) <br> DYNCORP INTERNATIONAL LLC; ) <br> DELTA TUCKER HOLDINGS, INC.; AND ) <br> NORTHROP GRUMMAN ) <br> CORPORATION ) <br>   ) <br> Defendants. ) <br>   ) | Civil Action No. 14-CV-00581 (RJL) <br><br> **FILED** <br> **MAY 16 2018** <br> Clerk, U.S. District & Bankruptcy <br> Courts for the District of Columbia |

**STIPULATED PROTECTIVE ORDER**

Pursuant to Federal Rule of Civil Procedure 26(c), and as agreed among Relator Fred Maxey Cloninger and Defendants DynCorp International Inc., DynCorp International LLC, Delta Tucker Holdings, Inc., and Northrop Grumman Corporation (collectively, the "Parties" and, individually, each a "Party" hereto), effective as of the date of this Order, and for good cause shown, it is hereby **ORDERED** that this Stipulated Protective Order ("Order") shall apply as follows:

1. **Scope.** This Order applies to all disclosures, affidavits and declarations and exhibits thereto, deposition testimony and exhibits, discovery responses, documents, electronically stored information, tangible objects, information, and other things produced, provided, or disclosed in the course of the above-captioned lawsuit (the "Litigation"), and information derived directly therefrom (hereinafter referred to collectively as "material" or "materials").

2. **Limitations on the Use of All Material.** All non-public material (meaning documents and information that are not publicly available) produced in this action, whether or not designated as "Confidential Material" pursuant to the procedures outlined below, shall only be used for purposes of the Litigation, and shall not be used for any purpose, or in any other litigation or proceeding, except where allowed by Court Order or the consent of the Producing Party.

3. **Confidential Material Designation.** "Confidential Material" will include, without limitation, information not already publicly available that constitutes trade secrets; confidential research, development, or commercial information; non-public-financial data; private data relating to individuals; and information of the United States that is subject to conditional or limited disclosure under any applicable federal statute, regulations or other law. Material will be deemed "Confidential," subject to challenge under Paragraph 7 of this Order, if a Party designates it as such in accordance with this Order based on a reasonable and good faith belief that the document or information meets the above definition of "Confidential Material" and is appropriately subject to the protection of Rule 26(c) of the Federal Rules of Civil Procedure. Designation of documents as Confidential Material should be reasonably tailored to the contents of the documents.

4. **Form and Timing of Designating Confidential Material.** In designating material as Confidential Material, which includes both "**CONFIDENTIAL**" and "**CONFIDENTIAL – ATTORNEYS' EYES ONLY**," the Party designating the material (the "Designating Party" or the "Producing Party") shall identify the protected information in the following manner:

(a) **Written Confidential Material.** To the extent practicable, the Designating Party shall stamp or brand each page or image of all written Confidential Materials (including, e.g., documents, written answers to discovery, deposition transcripts, etc.) with the notation "**CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER**" at the time of production or designation. When electronically stored information is produced which itself cannot be marked or branded, the electronic file containing Confidential Material shall be renamed to include the notation, e.g., "[FILE NAME] – **CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER.**" If the electronic file cannot be renamed to include the notation, then the physical media on which such electronically stored information is produced shall be marked "**CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER.**"

(b) **Copies.** All copies of Confidential Material, or any individual portion of such a document, shall be marked with the designation "**CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER**," as appropriate, if the words do not already appear on the copy. All such copies shall be entitled to the protection of this Order. The term "copies" shall not include indices, electronic databases, or lists of documents, provided such indices, electronic databases or lists do not contain substantial portions or images of the text of Confidential Material or otherwise disclose the substance of the Confidential Material.

(c) **Previously Produced Documents.** In conjunction with the United States' investigation of matters related to allegations in this case, the Parties produced certain documents and other information to the Government in response to subpoenas and letter requests. To avoid the unnecessary burden and delay of reviewing and re-branding those previously produced documents, the Parties agree that they may re-produce those documents in this action in the same form as they were provided to the Government. The Parties further agree that any "Confidential"

or similar designation found on a previously produced document shall be treated as though the document was properly designated under Paragraphs 4(a), 4(b), 4(d), or 4(e) of this Order. This does not, however, restrict a Party's ability to designate a document as Confidential in this Litigation, even if the Party did not previously designate it as such when produced to the Government. Any challenges to the Confidentiality designations of previously produced materials must be brought using the procedures set forth in Paragraph 7 of this Order.

(d)     **Depositions.** Deposition testimony shall be presumptively deemed Confidential Material for a period of twenty-one (21) calendar days following receipt of the final transcript by counsel for the deponent (or by the deponent if not represented by counsel). Within twenty-one (21) calendar days following receipt of the final transcript, the Parties shall review the transcript and specifically designate portions of the transcript **"CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER,"** as appropriate, by notifying all counsel of record in writing of said designation. Such designation shall be specific as to the portions of the transcript designated for protection under this Order. Thereafter, the deposition testimony so designated shall be protected, pending resolution of any objection, under the terms of this Order.

(e)     **CONFIDENTIAL – ATTORNEYS' EYES ONLY.** A Designating Party may designate certain Confidential Material as "Confidential Attorneys' Eyes Only" if the Designating Party believes reasonably and in good faith that such documents and information (1) are of an extremely sensitive nature because they contain trade secret, proprietary, or confidential commercial information (including, but not limited to, information relating to pricing, product development, or marketing strategies) the disclosure of which (to persons other than those to whom disclosure is authorized under this Paragraph) would be likely to result in severe competitive or other cognizable harm to a Party; (2) belong to a non-governmental third party; or

(3) contain extremely sensitive private data relating to individuals. Confidential Attorneys' Eyes Only documents and information shall be maintained in the custody of outside counsel and may only be shown to the persons identified in Paragraphs 5(a)(1, 3, 4, 5, 6, 8, and 10), unless otherwise agreed in writing by the Designating Party or otherwise ordered by the Court. Confidential Material that is so designated shall be stamped or branded with the legend "**CONFIDENTIAL – ATTORNEYS' EYES ONLY – SUBJECT TO PROTECTIVE ORDER**." The other protections listed herein shall apply in full to documents so identified and marked. Designation of material as "Confidential Attorneys' Eyes Only" may be challenged as provided under Paragraph 7 of this Order.

     5.    **Protection of Confidential Material.** Consistent with Paragraph 2 above, Confidential Material also shall be used only for the purposes of the litigation of this action, and of any appeal thereof, and shall not be used for any purpose, or in any other litigation or proceeding, except by Court Order, as otherwise required by law, or as agreed to by the Designating Party, and may only be disclosed as follows.

     (a)    **Persons Who May Review "CONFIDENTIAL" Materials.** "CONFIDENTIAL" Materials shall not be provided or disclosed to any person or entity except as set forth in Subparagraphs 5(a)(1)–(10) immediately below.

     (1)    <u>Counsel of Record.</u> Counsel of record in this Litigation for the Parties and employees and agents of counsel who have responsibility for the preparation and trial of this Litigation, including any independent litigation support providers or contract attorneys retained by counsel to assist in this action, and their employees, contractors, and agents whose duties and responsibilities in connection with this Litigation require access to Confidential

Material.  For purposes of this subparagraph, counsel of record includes all counsel who have entered (and who have not withdrawn) an appearance in this action for one of the Parties.

(2)     In-House Counsel for the Parties.  In-house counsel for the Parties who have responsibility for the preparation and trial of this Litigation, including any paralegals or administrative personnel employed by the parties and assigned to work for or with in-house counsel or counsel of record in connection with the preparation and trial of this Litigation.

(3)     The Court.  The Court and its personnel having responsibility for this Litigation.

(4)     Court Reporters and Recorders.  Court reporters and recorders engaged for depositions in this Litigation.

(5)     Persons Creating or Receiving Confidential Material.  Any person who authored or received the Confidential Material in the ordinary course outside of this Litigation.

(6)     Consultants, Experts, and Investigators.  Consultants, experts, or investigators employed by the Parties or counsel for the Parties to assist in the preparation and trial of this Litigation or any appeal thereof, but only after such persons have completed the certification contained in Attachment A, Acknowledgment and Agreement to be Bound.

(7)     Fact Witnesses.  Fact witnesses called for testimony in depositions or at trial in this Litigation, who are not otherwise authorized by this Order to review Confidential Material, but only after such persons execute the certification contained in Attachment A, Acknowledgement and Agreement to be Bound, and provided that the Confidential Material shall only be used for the purpose of assisting the preparation or examination of the witness, and

further provided that Confidential Material shall not be left in the possession of such fact witnesses.

(8) <u>Counsel for the United States.</u> Attorneys for the Department of Justice who have been or may become involved with the United States' investigation of matters related to the allegations in this case, and any support staff assisting such attorneys.

(9) <u>Relator.</u> Relator Fred Maxey Cloninger, but only after he has completed the certification contained in Attachment A, Acknowledgment and Agreement to be Bound.

(10) <u>Others by Consent or Order.</u> Other persons only by written consent of the Producing Party or upon order of the Court, and on such conditions as may be agreed or ordered, and only after such persons execute the certification contained in Attachment A, Acknowledgment and Agreement to be Bound.

(b) Documents designated and marked as "**CONFIDENTIAL – ATTORNEYS' EYES ONLY – SUBJECT TO PROTECTIVE ORDER**" shall be disseminated only to those persons identified in Paragraph 4(e) above.

(c) **Acknowledgement and Agreement to be Bound.** Before any Confidential Material is disclosed to any of the persons provided in Paragraph 5(a)(6–7, 9–10), each such person shall be given a copy of this Order and shall execute an agreement to be bound by its terms in the form attached as Attachment A, Acknowledgement and Agreement to be Bound. Any witness shall also be advised that he or she is bound by the terms of this Order, regardless of whether he or she executes an Acknowledgement and Agreement to be Bound. The refusal of a witness to execute an Acknowledgement and Agreement to be Bound shall not prohibit a Party from using Confidential Material in deposition or trial testimony with such

witness. The Party disclosing Confidential Material to a person shall retain that person's executed Acknowledgement and Agreement to be Bound.

(d)     **Control of Documents.** Counsel for the parties shall take reasonable and appropriate measures to prevent unauthorized disclosure of Confidential Material. Notwithstanding anything to the contrary herein, Confidential Material shall be maintained in a secure location, and any such information maintained in electronic format shall be subject to password protection. Counsel shall maintain the originals of the forms signed by persons acknowledging their obligations under this Order for a period of one (1) year after dismissal of the Litigation, the entry of final judgment, and/or the conclusion of any appeals arising therefrom.

(e)     **Filing Under Seal.** A Party wishing to use any Confidential Material in any pleading or filing with the Court in this action shall file the portions of the documents that include Confidential Material under seal in a manner consistent with Local Civil Rule 5.1(h). The Parties acknowledge the requirements of Local Rule 5.4(f), entitled "Privacy Requirements," and, in addition to these requirements for the redaction of personal identifying information, the Parties agree to redact from any electronically filed documents the names of any Afghani national employees appearing on the filed document or to file such documents under seal.

6.     **Party Data.** Any Party may use or be shown its own Confidential Material without execution of an Acknowledgement and Agreement to be Bound, and nothing in this Order shall impose any restriction on the use or disclosure by a Party of its own Confidential Material.

7.     **Challenges by a Party to a Designation for Protection Under this Order.** Should any Party wish to challenge any designation of Confidential Material (including designation of material as "Confidential Attorneys' Eyes Only"), such challenge shall be made by motion pursuant to this Paragraph. Before filing any such motion, the Party objecting to the

designation (the "Objecting Party") shall meet and confer with the Designating Party in a good faith effort to resolve the objection by agreement. If the Parties agree that the designation of Confidential Material should be withdrawn, the Designating Party shall serve on all Parties a notice identifying the documents and the nature of the agreement to withdraw the designation. If the Parties do not reach an agreement, the designation of Confidential Material will remain in place without notice, and the Objecting Party may file a motion with the Court challenging the designation. If such a motion is filed, the Designating Party shall have the burden of showing that the designation is proper. The Parties shall continue to treat the challenged material as Confidential Material while the motion is pending.

8. **Challenges by a Party to a Producing Party's Failure to Designate for Protection Under this Order.** In the event that a non-producing Party reasonably believes in good faith that documents produced by another Party contains Confidential Material of the non-producing Party, but have not been designated as such, the non-producing Party may challenge the failure to designate by motion pursuant to this Paragraph. Before filing any such motion, the Party objecting to the failure to designate (the "Objecting Party") shall meet and confer with the Producing Party in a good faith effort to resolve the objection by agreement. If the Parties agree that the documents should be designated Confidential Material, the Producing Party shall serve on all Parties a notice identifying the documents and the nature of the agreement to designate. If the Parties do not reach an agreement, the Objecting Party may file a motion with the Court challenging the failure to designate. If such a motion is filed, the Objecting Party shall have the burden of showing that designation is proper. The Parties shall treat the challenged material as Confidential Material while the motion is pending.

9. **Limited Effect of Failure to Object to Designation.** Any failure to object to or challenge another Party's designation of Confidential Material (including designation of material as "Confidential Attorneys' Eyes Only"), or any failure to object to or challenge another Party's request to file a document under seal, shall mean only that such material is subject to this Order, and is not and shall not be deemed an agreement or concession that such material is confidential or proprietary, comprises or reflects a trade secret or trade secrets, or otherwise has any particular status under applicable law.

10. **Action by the Court.** Applications to the Court for an order relating to any Confidential Material shall be by motion under Local Rules 5.1 and 7 and any other procedures set forth in the Court's standing orders or other relevant orders. Nothing in this Order or any action or stipulation of a Party under this Order shall limit the Court's power to make any orders that may be appropriate with respect to the use and disclosure of any documents produced or used in discovery or at trial.

11. **Use of Confidential Documents or Information at Trial.** Absent order of the Court, all trials are open to the public and there will be no restrictions on the use at trial of any Confidential Material. If a Party intends to present Confidential Material or information derived therefrom (e.g., summary exhibits) at trial, such Party shall provide advance written notice to the designating party at least twenty-one (21) days before the commencement of trial by identifying the Confidential Material as specifically as possible (e.g., by Bates number, page range, deposition transcript lines, etc.). Upon motion of any Party, the Court may make such orders as are necessary to govern the use of such documents or information at trial.

12. **Obligations on Conclusion of Litigation.**

(a) **Order Remains in Effect.** Unless otherwise agreed or ordered, this Order shall remain in force for one (1) year after dismissal or entry of final judgment in the Litigation and the exhaustion of all appeals, unless sooner terminated by Court order.

(b) **Return of Documents Designated for Protection Under this Order.** Within sixty (60) days after dismissal of the Litigation, or after all rights of appeal of a final judgment in the Litigation have been exhausted, all Confidential Materials under this Order, including copies, shall be returned to the Producing Party unless: (1) the material has been offered into evidence or filed without restriction as to disclosure; (2) the Parties agree to destruction in lieu of return and certifies to the Producing Party after it has destroyed the documents that it has done so; or (3) as to documents bearing the notations, summations, or other mental impressions of the receiving Party, that Party elects to destroy the documents and certifies to the Producing Party that it has done so. Notwithstanding the above requirements to return or destroy documents, counsel may retain copies of all pleadings, motions, orders, written discovery, and other papers filed with the Court or exchanged by the Parties even though they may contain Confidential Material. Counsel may also retain attorney work product, including an index, which refers or relates to Confidential Material, so long as that work product does not duplicate verbatim substantial portions of the text or images of Confidential Material. This work product shall continue to be subject to the protections of this Order in accordance with the applicable designation.

(c) **Return of Documents Filed under Seal.** Unless otherwise ordered by the Court or required by the Clerk of the Court, after dismissal or entry of final judgment in the Litigation and the exhaustion of all appeals, the Parties may seek that the Clerk of the Court

return to counsel for the Parties or destroy documents filed or offered at trial under seal or otherwise restricted by the Court as to disclosure.

13. **Order Subject to Modification by Court.** This Order may be modified or amended only by the following: a stipulation signed by the parties and ordered by the Court; on the motion of either Party to this Litigation; by motion of another person with standing concerning the subject matter; or by the Court's own motion.

14. **No Prior Judicial Determination.** This Order is entered based on the representations and agreements of the Parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a determination that any documents designated for protection under this Order are entitled to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific document or issue.

15. **Persons Bound.** The terms of this Order shall take effect as of the date the Order is entered and shall be binding upon all counsel and their law firms, the Parties, and persons made subject to this Order by its terms.

16. **Third Parties.** A Party seeking discovery from a third party shall, as appropriate or upon request, provide a copy of this Order to the third party. Third parties that elect to avail themselves of the terms and conditions of this Order shall execute an agreement to be bound by its terms in the form attached as Attachment A, Acknowledgement and Agreement to be Bound, which shall be retained by the Party seeking discovery from such third party. Upon executing the Acknowledgement and Agreement to be Bound, such third party shall become a "Designating Party" or a "Producing Party" as those terms are used in the context of this Order.

17.     **Disclosure Contravening Order.**  If a Party learns that any Confidential Material is disclosed to or comes into the possession of any person other than in the manner authorized by this Order, the Party responsible for the disclosure must immediately inform the Designating Party of such disclosure and make a good faith effort to retrieve any information so disclosed and to prevent disclosure by each unauthorized person who received such information.

18.     **Subpoena or Service of Process Regarding Covered Documents.**  In the event that any Confidential Material is sought by any person or entity not a Party to this action by subpoena in another action or by service of legal process, the Party receiving such request shall promptly notify the Designating Party in writing.  Any such person or entity seeking Confidential Material by attempting to enforce such subpoena or other legal process shall be apprised of this Order by the Party upon whom the subpoena or process was served.  Nothing herein shall be construed as requiring anyone covered by this Order to contest a subpoena or other process, to appeal any order requiring production of any Confidential Material, or to subject itself to penalties for non-compliance with any legal process or order.

19.     **Client Consultation.**  Nothing in this Order shall prevent or otherwise restrict counsel from rendering advice to their clients in this Litigation and, in the course thereof, relying on examination of Confidential Material; provided, however, that in rendering such advice and otherwise communicating with such client, counsel shall not make specific disclosure of any document so designated except as otherwise authorized by this Order.

**SO ORDERED** this 15TH day of May, 2018.

_____
Hon. Richard J. Leon
United States District Court Judge

Attachment A

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ex rel. FRED MAXEY CLONINGER )<br><br>Plaintiffs, )<br><br>v. )<br><br>DYNCORP INTERNATIONAL INC.; DYNCORP INTERNATIONAL LLC; DELTA TUCKER HOLDINGS, INC.; AND NORTHROP GRUMMAN CORPORATION )<br><br>Defendants. ) | Civil Action No. 14-CV-00581 (RJL) |

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

The undersigned hereby acknowledges that he/she has read the Stipulated Protective Order entered in the above-captioned action, understands the terms thereof, and agrees to be bound by its terms. The undersigned further submits to the jurisdiction of the United States District Court for the District of Columbia in matters relating to the Stipulated Protective Order and understands that the terms of the Stipulated Protective Order obligate him/her to use Confidential Materials in strict accordance with the Order and solely for the purposes of the above-captioned action, and to not disclose any Confidential Materials or information derived directly therefrom to any other person, firm, or concern unless authorized by the Stipulated Protective Order or another applicable Court Order.

The undersigned acknowledges that violation of the Stipulated Protective Order may result in penalties.

Name: _____

Business Address: _____

_____

_____

Date: _____    Signature: _____